UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE MAGANA,<br><br>Defendant. | CASE NO. 2:25-cr-00010-JNW-1<br><br>ORDER APPOINTING STANDBY COUNSEL |

## 1. BACKGROUND

The Court raises this matter of its own accord. A grand jury charged Defendant Kyle Magana in a three-count Superseding Indictment. Dkt. No. 62. Count 1 charges Receipt of Child Pornography; Count 2 charges Distribution of Child Pornography; and Count 3 charges Possession of Child Pornography. *Id.* On April 2, 2026, Magana pled not guilty to all charges. Dkt. No. 67.

This case has a lengthy procedural history during which Magana has been represented by a succession of appointed counsel. *See* Dkt. Nos. 24, 52, 80 85. Most recently, on August 17, 2026, the Court appointed Sandy Baggett from the Criminal Justice Act (CJA) Panel. Dkt. No. 86. Baggett moved to withdraw in an ex parte

motion filed under seal. Dkt. No. 87. On October 1, 2026, the Court held a hearing, denied the motion to withdraw, and ordered a *Faretta* hearing to determine whether Magana wished to waive counsel and represent himself. Dkt. No. 88.

On October 6, 2026, U.S. Magistrate Judge Brian A. Tsuchida held a *Faretta* hearing and found that Magana "has made an unequivocal, voluntary, and intelligent request to represent himself," and "knowingly and intelligently waived his right to counsel." Dkt. No. 91 at 2. Accordingly, Judge Tsuchida granted Magana's request to proceed pro se and permitted Baggett to withdraw as defense counsel. Dkt. No. 91 at 3.

## 2. DISCUSSION

The Court has discretion to appoint standby counsel for a defendant who elects to represent himself. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). The Court exercises that discretion here for two reasons. First, standby counsel can give Magana meaningful access to protected discovery he cannot freely possess. Second, given this case's history, standby counsel will help keep it on track for trial and will be ready to assume representation if the Court orders it. Baggett already knows the case and its discovery.

Magana controls his defense. He has the right to make final decisions on all matters relating to the conduct of his defense, including motions, trial strategy, witnesses, cross-examination, objections, exhibits, arguments, and whether to testify. Standby counsel's role is advisory and logistical only, consistent with *McKaskle*, and may not interfere with Magana's control of his own defense. Standby

counsel may not control the defense, make strategic decisions for Magana, file motions without Magana's authorization, speak for Magana without his permission, examine witnesses, make objections, draft filings, present argument, or otherwise interfere with Magana's right of self-representation unless Magana requests limited assistance *and the Court permits it*, or unless the Court orders standby counsel to assume representation. Appointing standby counsel does not create hybrid representation.

Standby counsel may, upon Magana's request, assist with the following matters, consistent with the Court's rules and orders:

a. helping Magana access, review, identify, organize, and use discovery, including discovery subject to any protective order;

b. maintaining protected discovery, or arranging Magana's access to it, in compliance with the Court's protective orders so that Magana has meaningful access to protected discovery for defense preparation;

c. helping with administrative functions such as sealed or protected filing logistics, exhibit logistics, formatting exhibit lists, attachments, and related procedural issues;

d. transmitting filings to and from Magana and making ECF filings at his direction;

e. advising Magana on courtroom procedure, trial procedure, exhibit procedure, subpoena logistics, witness logistics, and expert-witness logistics;

f. submitting trial exhibits and demonstratives, subject to the Court's rules and orders; and

g. providing procedural guidance, sample forms, and limited legal-reference assistance necessary for Magana to comply with the Court's rules, deadlines, trial procedures, protective orders, and filing requirements.

Standby counsel is not required to act as a law clerk, perform legal research, or print or copy cases or statutes at Magana's direction, and may not draft pleadings for Magana or assume control over defense preparation.

This limited assistance is meant to avoid unnecessary delay, confusion, disruption, disputes over protected materials, exhibit problems, and interruptions during hearings, trial preparation, and trial, while preserving Magana's pro se status.

Standby counsel must comply with the Court's protective orders but may not use them as a basis to deny Magana meaningful access to discovery needed to prepare motions, hearings, trial examinations, impeachment, exhibits, and other defense matters. Any access to protected discovery remains subject to the protective orders and any further order of the Court.

Before trial, standby counsel must meet with Magana and answer questions Magana might have about trial preparation, suggested strategy, legal and evidentiary principles, or applicable rules of Court.

Standby counsel may sit at counsel table or nearby, as requested by Magana and permitted by the Court. During hearings and trial, standby counsel may

answer Magana's questions, provide procedural guidance, and assist with exhibits and logistics.

Standby counsel may not address the jury, examine witnesses, make objections, present argument, or otherwise act as counsel in court unless the Court orders standby counsel to assume representation. If Magana wants standby counsel to take on any such task, he must ask the Court outside the jury's presence. The Court will then decide whether to permit it and will define the scope of standby counsel's participation on the record before standby counsel speaks.

Standby counsel must remain sufficiently familiar with the case to assume representation if ordered by the Court. If standby counsel is ordered to assume representation, the Court will address at that time the scope of counsel's role and any scheduling issues necessary to protect Magana's rights.

If Magana and standby counsel disagree about the scope of standby counsel's assistance or about access to protected discovery, either may raise the issue by motion, which may be filed ex parte and under seal when necessary to protect defense strategy. Standby counsel's role remains as defined in this Order until the Court rules.

The appointment of standby counsel does not waive Magana's right of self-representation, does not authorize standby counsel to override Magana's decisions, and does not make standby counsel counsel-of-record unless the Court orders otherwise.

## 3. CONCLUSION

Accordingly, the Court ORDERS:

1. Attorney Sandy Baggett, sandy@sandybaggett.com, 509-822-9022, is APPOINTED as standby counsel effective immediately.
2. The Clerk is directed to send copies of this Order to Magana, to standby counsel, and to counsel for the Government.

Dated this 16th day of October, 2026.

Jamal N. Whitehead
United States District Judge